IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| NATIONAL SHOOTING SPORTS FOUNDATION, INC., ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| v. ) | |
| ) | |
| DANNEL MALLOY, in his official ) | July 8, 2013 |
| capacity as Governor of Connecticut; ) | |
| J. BRENDAN SHARKEY, in his official ) | Civil No. 3:13-cv-00958 |
| capacity as Speaker of the House ) | |
| of Representatives of Connecticut; ) | |
| DONALD WILLIAMS, JR., in his official ) | |
| capacity as President Pro Tempore of the ) | |
| Connecticut Senate; GEORGE JEPSEN, ) | |
| in his official capacity as Connecticut ) | |
| Attorney General; KEVIN KANE, in his ) | |
| official capacity as Chief State's ) | |
| Attorney of Connecticut; ) | |
| REUBEN BRADFORD, in his ) | |
| official capacity as Commissioner of ) | |
| the Connecticut Department of ) | |
| Emergency Services and Public Protection, ) | |
| ) | |
| *Defendants.* ) | |

**COMPLAINT FOR
DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF**

Plaintiff, NATIONAL SHOOTING SPORTS FOUNDATION, INC. ("NSSF"), by and

through its attorneys, RENZULLI LAW FIRM, LLP and LAWRENCE G. KEANE, ESQ., as

and for its Complaint against defendants DANNEL  MALLOY, J. BRENDAN SHARKEY,

DONALD WILLIAMS, JR., GEORGE JEPSEN, KEVIN KANE and REUBEN

BRADFORD, respectfully states and alleges as follows:

1.    On April 3, 2013, Senate Bill Number 1160 ("SB 1160") was improperly

introduced via "emergency certification" by defendants J. BRENDAN SHARKEY and

DONALD WILLIAMS, JR.

2.    As a result, SB 1160 bypassed basic safeguards of the normal legislative process, including the bill printing requirements and both the public hearing and committee processes, and was passed by both the Senate and House of Representatives the same day it was introduced.

3.    One day later, on April 4, 2013, Connecticut Governor DANNEL MALLOY signed SB 1160 into law.

4.    This is an action to vindicate the rights of the citizens of Connecticut whose Federal and State Constitutional rights have been adversely affected and significantly restricted by the passage of SB 1160 through an abuse of the "emergency certification" procedure, circumvention of the normal legislative process, and violation of Connecticut statutory law.

5.    NSSF seeks a declaratory judgment declaring the invalidity of SB 1160 and an injunction prohibiting its enforcement.

## PARTIES

6.    NSSF is a national trade association for the firearms, ammunition, hunting and shooting sports industry based in Newtown, Connecticut.

7.    As a non-profit, tax-exempt corporation, NSSF has a membership of more than 9,500 federally licensed firearms manufacturers, distributors and retailers; companies manufacturing, distributing and selling shooting and hunting related goods and services; sportsmen's organizations; public and private shooting ranges and gun clubs; publishers and individuals.  More than 200 of these members reside and conduct business in Connecticut.

8.    The business members, including federally licensed firearms manufacturers and retail dealers, among others, of the NSSF in Connecticut provide lawful commerce in firearms to law abiding citizens of Connecticut.  Each of these members' business interests and livelihoods are being adversely affected by SB 1160 which, among other things, limits firearms

2

and components that can be lawfully sold to Connecticut residents and imposes additional restrictions on the lawful purchase of ammunition products.

9.   The sportsmen's organization, shooting range and gun club members of NSSF in Connecticut organize activities involving firearms for law abiding citizens of Connecticut, provide training in the use of firearms to law abiding citizens of Connecticut and operate facilities for the discharge of firearms by law abiding citizens of Connecticut.  Each of these members' business interests and livelihoods are being adversely affected by SB 1160.

10.   The individual members of NSSF in Connecticut are law abiding citizen who own, possess and use firearms.  Each of these members' Constitutional rights as guaranteed by the Second Amendment to the United States Constitution and Article I, Section 15 of the Connecticut Constitution are being adversely affected by SB 1160.

11.   DANNEL MALLOY is the Governor of the State of Connecticut.   Under the Connecticut Constitution, he is required to "take care that the laws be faithfully executed." CONN. CONST., ART. IV, § 12.

12.   J. BRENDAN SHARKEY is the Speaker of the House of Representatives of Connecticut.   As Speaker of the House, he is authorized to execute "emergency certifications" in accordance with Connecticut General Statute § 2-26 ("CGS 2-26").

13.   DONALD WILLIAMS, JR. is the President Pro Tempore of the Senate of Connecticut.   As President Pro Tempore of the Senate, he is authorized to execute "emergency certifications" in accordance with CGS 2-26.

14.   GEORGE JEPSEN is the Attorney General of Connecticut.  As the Attorney General, he is responsible for defending the laws of Connecticut.

15.   KEVIN KANE is the Chief State's Attorney for Connecticut.  His duties include serving as the chief of the Division of Criminal Justice which is required to "prosecute all

crimes and offenses against the laws of the state."  CONN. GEN. STAT. § 51-275, 51-277.  As such, his prosecutorial activities include, *inter alia*, commencement of criminal actions against any individuals and/or entities that may be accused of violating SB 1160.

16.   REUBEN BRADFORD is the Commissioner of the Connecticut Department of Emergency Services and Public Protection ("DESPP").  His duties include serving as the administrative head and commanding officer of the Division of State Police which is required to "assist in or assume the investigation, detection and prosecution of any criminal matter or alleged violation of law."  CONN. GEN. STAT. §§ 29-1b, 29-7.  DESPP is also responsible for administration of significant portions of SB 1160.

17.   Plaintiff brings this suit against the defendants named herein solely in their official capacities.

## BACKGROUND

18.   The Connecticut Constitution provides that "the legislative power of the state shall be vested in two distinct houses or branches; the one to be styled the senate, the other the house of representatives, and both together the general assembly."  CONN. CONST., ART. III, § 1.

19.   The Connecticut Constitution further provides that "each bill which shall have passed both houses of the general assembly shall be presented to the governor."  CONN. CONST., ART. IV, § 15.

20.   It follows, therefore, that no bill may become law unless it has been approved by the Governor, and has passed both houses.

21.   CGS 2-26 provides that "no bill shall be passed or become a law unless it has been printed in its final form…and upon the desks of the members at least two legislative days prior to its final passage."  CONN. GEN. STAT. § 2-26.

4

22.    The clear purpose of CGS 2-26 is to ensure that bills would not be voted upon or passed by legislators without the legislators having had a reasonable opportunity to review the proposed legislation.

23.    The legislative history of CGS 2-26 further confirms the purpose for which it was enacted—to eliminate legislative votes where legislators vote for or against a bill based upon its name because they have neither seen nor read the text of the bill.

24.    Put differently, CGS 2-26 seeks to guarantee that laws are passed through a normal legislative process based upon the votes of informed legislators, and not hurried into enactment without due process of law.

25.    In order to allow for extenuating circumstances, however, CGS 2-26 includes a limited exception to its prohibition on the enactment of bills which have not been printed and upon the desks of the members at least two legislative days prior to their final passage.

26.    Specifically, bills are exempt from the printing requirements of CGS 2-26 where "the president pro tempore of the Senate and the speaker of the House of Representatives have certified, in writing, ***the facts which*** in their opinion necessitate an immediate vote on such bill." Conn. Gen. Stat. § 2-26 (emphasis added) ("the emergency certification exception").

27.    The language of the emergency certification exception is clear and unambiguous.

28.    While CGS 2-26 contains no criteria for determining what facts are sufficient to necessitate an immediate vote, the plain language of the emergency certification exception requires the certification to include "the facts which . . . necessitate an immediate vote."

29.    Where these requirements are met, the normal legislative process and the safeguard imposed by CGS 2-26 are dispensed with and a vote may be called and had without legislators having any opportunity to review the bill.

5

30.    The counterpart to this is that in the absence of a proper certification the printing requirements of CGS 2-26 must be strictly followed in order for a bill to become a law.

31.    Because the emergency certification exception dispenses with basic safeguards of the legislative process, the requirements of the exception must be strictly construed such that a certification which lacks "the facts which . . . necessitate an immediate vote" fails to satisfy the requirements of the emergency certification exception.

32.    In addition to dispensing with the printing requirements, the emergency certification procedure also permits a bill to bypass the committee and public hearing processes through which the voices of the citizens of Connecticut are communicated to, and may be incorporated into proposed legislation by, their elected representatives.

33.    By abusing the emergency certification process, SB 1160 was able to bypass both of these processes, thereby depriving the citizens of Connecticut of any opportunity for their voices to be communicated to the legislators and incorporated into SB 1160.

## FACTS

34.    On April 2, 2013, J. BRENDAN SHARKEY, Speaker of the House of Representatives, and DONALD WILLIAMS, JR., President Pro Tempore of the Senate, executed an "emergency certification" with respect to SB 1160 ("SB 1160 E-Cert.")(attached hereto as Exhibit "A").

35.    The SB 1160 E-Cert. failed to set forth *any* facts which necessitated an immediate vote.

36.    As such, the SB 1160 E-Cert. was facially defective and invalid.

37.    The mandates of CGS 2-26, therefore, were not legally dispensed with and remained in full force and effect.

38.    Despite the facial inadequacy of the SB 1160 E-Cert. and the mandates of CGS 2-26, SB 1160 was introduced, voted upon and purportedly passed by both the Senate and the House of Representatives on April 3, 2013.

39.    Printed copies of SB 1160 were not, and could not, have been provided at least two legislative days before SB 1160's final passage by the General Assembly on April 3, 2013, in contravention of CGS 2-26.

40.    On April 4, 2013, SB 1160 was presented to and purportedly signed into law by Governor DANNEL MALLOY.

41.    By virtue of the facially inadequate SB 1160 E-Cert. and the failure to comply with the safeguards imposed by CGS 2-26, the vote and purported passage of SB 1160 by the General Assembly on April 3, 2013 is invalid under CGS 2-26.

42.    As such, SB 1160 cannot have passed both houses, and its presentment to and approval by Governor DANNEL MALLOY on April 4, 2013 violated the Connecticut Constitution.

43.    Moreover, the facially inadequate SB 1160 E-Cert. and the failure to comply with the safeguards imposed by CGS 2-26, equally render the purported approval and signing into law of SB 1160 invalid under CGS 2-26.

44.    Furthermore, the enactment of the law in violation of CGS 2-26 and the Connecticut Constitution violates the most fundamental of rights guaranteed by the Connecticut Constitution and the U.S. Constitution—namely the right to have the State Executive and Legislative branches act only within the authority granted by the Connecticut Constitution and the limitations imposed on them by statute.

45.    In this respect, the enactment violates due process under both the Connecticut Constitution and the U.S. Constitution further rendering it unconstitutional and invalid.

46.    Despite the invalidity and impropriety of SB 1160's enactment, the Governor and members of the executive branch are enforcing the new law as though its enactment is valid.

## COUNT I
## VIOLATION OF CGS 2-26

47.    NSSF incorporates and re-alleges the allegations contained in paragraphs 1-46 of this Complaint.

48.    The SB 1160 E-Cert. executed by J. BRENDAND SHARKEY and DONAL WILLIAMS, JR. violated CGS 2-26.

49.    SB 1160 was not printed in accordance with CGS 2-26.

50.    No bill may pass unless the requirements of CGS 2-26 are met.

51.    The passing of SB 1160 by the legislature is rendered invalid by CGS 2-26.

52.    No bill may become law unless the requirements of CGS 2-26 are met.

53.    The approval of SB 1160 by Governor DANNEL MALLOY is rendered invalid by CGS 2-26.

54.    Accordingly, SB 1160 is invalid and a declaration of its invalidity and an injunction prohibiting its enforcement are warranted.

## COUNT II
## EXPRESS VIOLATION OF CONNECTICUT CONSTITUTION

55.    NSSF incorporates and re-alleges the allegations contained in paragraphs 1-54 of this Complaint.

56.    As the passing of SB 1160 is invalid under CGS 2-26, SB 1160 did not pass both houses as required by the Connecticut Constitution prior to being presented to and approved by Governor DANNEL MALLOY.

57.    The presentment to and approval of a bill, which did not pass both houses, violated the Connecticut Constitution.

8

58.    As SB 1160 was passed in express violation of the legislative and executive authority created by the Connecticut Constitution, it is unconstitutional and invalid.

59.    Accordingly, a declaration of its invalidity and an injunction prohibiting its enforcement are warranted.

<u>COUNT III</u>
<u>PROCEDURAL DUE PROCESS VIOLATION—CONNECTICUT CONSTITUTION</u>

60.    NSSF incorporates and re-alleges the allegations contained in paragraphs 1-59 of this Complaint.

61.    The Connecticut Constitution guarantees that its citizens shall not be deprived of their fundamental rights without due process of law.

62.    Among such fundamental rights is the right to have the legislative and executive branches operate within the authority granted to them by the Connecticut Constitution and the statutorily enacted limitations on those actions.

63.    Other fundamental rights guaranteed by the Connecticut Constitution are the right to bear arms and the right to not be deprived of liberty and property without due process of law.

64.    The enactment of SB 1160 in violation of CGS 2-26 and the Connecticut Constitution has deprived the NSSF's members of these fundamental rights without due process of law.

65.    As such, SB 1160 violates procedural due process and is unconstitutional and invalid.

66.    Accordingly, a declaration of its invalidity and an injunction prohibiting its enforcement are warranted.

## COUNT IV
## PROCEDURAL DUE PROCESS VIOLATION—U.S. CONSTITUTION

67.    NSSF incorporates and re-alleges the allegations contained in paragraphs 1-66 of this Complaint.

68.    The Fourteenth Amendment to the United States Constitution guarantees that no State shall deprive citizens of their fundamental rights without due process of law.

69.    Among such fundamental rights is the right to have State legislative and executive branches operate within the authority granted to them.

70.    Other fundamental rights guaranteed by the United States Constitution are the right to keep and bear arms, and the right to not be deprived of liberty and property without due process of law.

71.    The enactment of SB 1160 in violation of CGS 2-26 and the authority granted by the Connecticut Constitution has deprived the NSSF's members of these fundamental federal Constitutional rights without due process of law.

72.    As such, SB 1160 violates procedural due process and is unconstitutional and invalid.

73.    Accordingly, a declaration of its invalidity and an injunction prohibiting its enforcement are warranted.

**WHEREFORE**, Plaintiff requests that this Honorable Court:

(a)    enter a declaratory judgment pursuant to 28 U.S.C. § 2201, that the enactment of SB 1160 is unconstitutional and void;

(b)    enter a permanent injunction enjoining the Defendants and their officers, agents and employees from administering and enforcing the provisions of SB 1160;

(c)    award plaintiff its costs and attorneys' fees; and

(d)      award such other relief as it deems just and proper.

DATED: July 8, 2013

THE PLAINTIFF,
**NATIONAL SHOOTING SPORTS FOUNDATION, INC.**

By: _/s/ Christopher Renzulli_
Christopher Renzulli, Esq.
Scott Allan, Esq.
John F. Renzulli, Esq. (pro hac vice to be filed)
Edwin T. Brondo, Jr., Esq. (pro hac vice to be filed)
**RENZULLI LAW FIRM, LLP**
81 Main Street, Suite 508
White Plains, New York 10601
Tel: (914) 285-0700
Fax: (914) 285-1213

-and-

Lawrence G. Keane, Esq.
**NATIONAL SHOOTING SPORTS FOUNDATION, INC.**
Flintlock Ridge Office Center
11 Mile Hill Road
Newtown, Connecticut 06470
Tel.: (203) 426-1320
Fax: (203) 426-1087